IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARIE IVETTE GALARZA-PAGAN**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**,
    Defendant.

Civil No. 24-1409 (BJM)

**OPINION AND ORDER**

The Acting Commissioner of the Social Security Administration ("the Commissioner") moves to dismiss Marie Ivette Galarza-Pagan's ("Galarza") complaint for judicial review. Dkt. 13. After this court's remand, an Administrative Law Judge ("ALJ") issued a decision finding that Galarza was not disabled on March 9, 2023. Dkt. 1 at ¶ 9; Dkt. 13-1. Galarza requested an extension to file her written exception to the Appeals Council on May 7, 2023. Dkt. 13-3. On July 9, 2024, the Appeals Council determined the request was not timely made. *See* Dkt. 13-5. On September 9, 2024, Galarza filed this complaint. Dkt. 1. The Commissioner contends that Galarza's complaint is time-barred. Dkt. 13. Galarza opposes the motion. Dkt. 17. The case is before me on consent of the parties. Dkts. 4, 7.

For the following reasons, the Commissioner's motion is **GRANTED.**

**APPLICABLE STANDARDS**

The First Circuit has determined that a Rule 12(b)(6) motion is the appropriate standard where the Commissioner wishes to dismiss a case for failing to timely file. *See, e.g.*, *Grant v. Berryhill*, 695 Fed. Appx. 592, 593 (1st Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). A court must "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need not contain detailed factual allegations to survive dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). The court also need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009). The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

On a Rule 12(b)(6) motion, the court "can consider (a) implications from documents attached to or fairly incorporated into the [counter]complaint, (b) facts susceptible to judicial notice, and (c) concessions in [the complainant's] response to the motion to dismiss." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)) (internal quotations omitted); *Watterson v. Paige*, 987 F.2d 1, 3 (1st Cir. 1993).

## BACKGROUND

Galarza alleged she became disabled in April 2013. Dkt. 1 at ¶ 2. Galarza filed an application for social security benefits in July 2013. *Id.* She was denied and requested a hearing before an ALJ, and a hearing was held in December 2016. *Id.* at ¶ 4. The ALJ determined that she did not qualify for benefits, and the Appeals Council subsequently affirmed the decision in April 2019. *Id.* at ¶ 6. Galarza filed a complaint in this court in June 2019 and the court remanded the case to the agency in March 2022. *Id.* at ¶¶ 7-8.

When the case was returned to the agency, an ALJ held a second hearing and again determined she did not qualify for benefits on March 9, 2023. *Id.* at ¶ 9. In the ALJ's decision, he informed Galarza that she had 30 days to file with the Appeals Council her written exceptions to the ALJ's decision or request an extension to file the written exception. Dkt. 13-1 at1. Galarza requested an extension to file her written exceptions on May 7, 2023. Dkt. 13-3. On June 6, 2023,

Galarza followed up on her extension request. Dkt. 13-3. On February 22, 2024, the Appeals Council informed Galarza that it did not appear that she acted in a timely manner but gave her an opportunity to provide proof that she made the extension request within 30 days of receiving the ALJ's decision. Dkt. 13-4. It does not appear from the record Galarza sent any information to the Appeals Council. On July 9, 2024, the Appeals Council determined the request was not timely made. *See* Dkt. 13-5.

On September 9, 2024, Galarza filed this complaint. Dkt. 1. The Commissioner moved to dismiss the claim on December 17, 2024 for filing the complaint outside the statute of limitations. Dkt. 13. Galarza opposed arguing her complaint was timely because it was filed within 60-days of what she considers to be the final decision in her case – the Appeals Council's July 9, 2024 letter stating her request was untimely. Dkt. 17 at 3.

## DISCUSSION

Congress intended social security claims to be adjudicated and reviewed in a manner "unusually protective" of claimants. *Heckler v. Day*, 467 U.S. 104, 106 (1984). After notice of a final decision by the Commissioner, an individual has sixty days to file a civil action. 42 U.S.C. § 405(g). Notice is presumed to be five days after the decision is made, but the individual may rebut that assumption with a showing to the contrary. 20 CFR § 422.210(c). Galarza does not address when she received notice of the ALJ's March 9, 2023 denial, so the court presumes that she received notice on March 14, and the statute of limitations began to run. Dkt. 1 at ¶ 9.

The Commissioner contends that Galarza's action is time-barred. Dkt. 13. Galarza argues the complaint was timely because she filed it within sixty days of the Appeals Council's letter from July 9, 2024, which, she argues, constituted a denial and the final decision in the case. Dkt. 17 at 3.

Under 20 C.F.R. § 404.984(a), if a claimant disagrees with the ALJ's decision *after remand*, she may file written exceptions with the Appeals Council explaining the reason for disagreeing. The exceptions must be filed within a thirty-day period, which starts on the day she received the decision, or within the additional time given if timely requested. 20 C.F.R. § 404.984(b). The

request for additional time must also be filed within the thirty-day period after receiving the decision. *Id.* The Appeals Council may, but is not required to, assume jurisdiction upon the written exceptions. The Appeals Council may also assume jurisdiction on its own initiative. 20 C.F.R. § 404.984(c). If the Appeals Council chooses not to take the initiative, and if no exceptions are filed by the claimant, the ALJ decision becomes the final decision of the Commissioner after remand. 20 C.F.R. § 404.984(d).

Here, the ALJ issued a decision after remand on March 9, 2023. Dkt. 13-1. As stated above, I presume Galarza received the notice on March 14, 2023. Therefore, she had thirty days from March 14 to file written exceptions or a request for an extension of time. That deadline passed on April 13, 2023. Galarza requested an extension to file written exceptions on May 9, 2023 – twenty-six days after the request was due. As such, the request was untimely. *See Whitzell v. Astrue*, 589 F.Supp.2d 100, 107-08 (D. Mass. 2008).

Because Galarza failed to file written exceptions and the Appeals Council did not assume jurisdiction on its own initiative,[1] the ALJ's decision automatically became final on May 14, 2023. Galarza had sixty days from that date to file a complaint in Federal district court, which was July 14, 2023. Galarza did not file her complaint until September 9, 2024 – more than a year after the deadline. Galarza's argument that the Appeals Council's July 9, 2024 letter is the final decision in her case is unavailing. As mentioned, the ALJ's decision automatically becomes the final decision if no action is taken by the claimant or the Appeals Council. 20 C.F.R. § 404.984(d). The Appeals Council's July 2024 letter cannot be considered a "denial" since the letter simply confirms that Galarza did not submit timely exceptions. *See* Dkt. 13-5; *Tessier v. Saul*, No. 2:19-cv-00401, 2019 WL 6118440, at *4 (D. Utah Nov. 18, 2019).

Therefore, I find Galarza's complaint is untimely and grant the Commissioner's motion to dismiss.

---

[1] The Appeals Council could have assumed jurisdiction up until May 13, 2023 – 60 days after the ALJ's decision. *See* 20 C.F.R. § 404.984(c).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of March, 2025.

                                              *S/ Bruce J. McGiverin*
                                              BRUCE J. MCGIVERIN
                                              United States Magistrate Judge